IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRUCE EGRIM JOSEPH, | § | |
| TDCJ-CID NO. 1411430, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-08-2841 |
| v. | § | |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Bruce Egrim Joseph, an inmate of the Texas prison system,
filed this habeas action under 28 U.S.C. § 2254 contesting a state
felony conviction.  The respondent has filed a Motion to Dismiss
this action as untimely supported by records from the Texas
Department of Criminal Justice - Correctional Institutions Division
(TDCJ-CID) and by state court records.  Having construed the
respondent's motion as a motion for summary judgment and having
considered the evidence and Joseph's Response (Docket Entry
No. 15), the court concludes that Joseph's habeas petition is
untimely.  Accordingly, this action will be dismissed under the
provisions of 28 U.S.C. § 2244(d).

### I.  <u>Procedural History and Claims</u>

Joseph was charged with aggravated assault. After entering a
guilty plea, Joseph was found guilty and sentenced to thirty-five
years in the Texas Department of Criminal Justice - Correctional

Institutions Division.  <u>State v. Joseph</u>, No. 43408A (268th Dist. Ct., Fort Bend County, Tex., Dec. 12, 2006).  No direct appeal was filed.

On December 17, 2007, more than one year and five days after the date of the criminal judgment, Joseph filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  <u>Ex parte Joseph</u>, No. 69,966-01 (State's Records) at 102.  The application was forwarded to the Texas Court of Criminal Appeals, which denied relief without a written order on June 4, 2008.  <u>Id.</u> at 2.  On June 27, 2008, Joseph filed a Motion for Stay Necessitated by Frauds with the Court of Criminal Appeals. The Court disposed of the motion without taking any action on June 30, 2008.  See Website for the Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions.  The respondent has submitted a mail log, with a business records affidavit, which indicates that Joseph delivered his federal petition for a writ of habeas corpus to prison officials for mailing on September 19, 2008.  Docket Entry No. 14-2, Exhibit A.  Therefore, it is considered filed on that date.  <u>Sonnier v. Johnson</u>, 161 F.3d 941, 945 (5th Cir. 1998).

Joseph presents the following claims:

1.   Joseph was subjected to double jeopardy;

2.   The convicting court did not have jurisdiction over Joseph because the indictment was defective; and

3.   Joseph was denied effective assistance of counsel.

**II.   <u>One-Year Statute of Limitations</u>**

Joseph's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions, which restrict the

-2-

time in which a state conviction may be challenged.    Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).    Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Joseph entered a guilty plea on December 12, 2006, and did not appeal.   The conviction became final on January 11, 2007, the last day he could have filed a notice of appeal.   Tex. R. App. P. 26.2(a) (West 2006) (defendant must file his appeal within 30 days of the

date the trial court enters its judgment).  See Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008), citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (conviction becomes final when time for review has expired), citing 28 U.S.C. § 2244(d)(1)(A).  Pursuant to the AEDPA, Joseph had one year or until January 11, 2008, to file a federal habeas petition.  See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004).  In the alternative, Joseph needed to file a state habeas application within the one-year period in order to toll it.  Flanagan, 154 F.3d at 199 n.1.

As noted above, Joseph filed a state habeas application on December 17, 2007, twenty-five days short of expiration of the one year statute of limitations.  It was dismissed on June 4, 2008, and his subsequent Motion for Stay, which was pending for three days, did not toll the limitations period.  See Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002).  Therefore, his limitations period expired on June 29, 2008.

Joseph's federal petition for a writ of habeas corpus was filed on September 19, 2008, more than ninety days after the state habeas action was dismissed.  Therefore, it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A).  There is no indication that Joseph was subject to any state action that impeded him from filing his petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D).

Therefore, this habeas action is subject to dismissal because it is untimely.

### III.   <u>Motions for Discovery</u>

Joseph has filed two motions in which he seeks copies of his criminal court records.  As a habeas petitioner, Joseph does not have an unqualified right to obtain free copies of criminal trial records hoping that he may bolster his claims.  <u>Bracy v. Gramley</u>, 117 S.Ct. 1793, 1796-97 (1997); <u>Bonner v. Henderson</u>, 517 F.2d 135, 136 (5th Cir. 1975).  <u>See</u> <u>also</u> <u>Murphy v. Johnson</u>, 205 F.3d 809, 814 (5th Cir. 2000) (Rule 6 of the Rules Governing § 2254 petitions does not entitle a habeas petitioner to discovery in order to pursue speculative claims or conclusory allegations.).  Therefore, the motions (Docket Entry Nos. 16 and 18) will be denied.

### IV.   <u>Certificate of Appealability</u>

A certificate of appealability ("COA") will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1603-04 (2000).  If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was

-5-

correct in its procedural ruling." <u>Beasley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir. 2001), <u>quoting</u> <u>Slack</u>, 120 S.Ct. at 1604.  A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument.   <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  This court concludes that Joseph is not entitled to a COA under the applicable standards.  <u>See</u> 28 U.S.C. § 2253(c).

## V.   Conclusion and Order

The court **ORDERS** the following:

1.   Respondent Quarterman's Motion to Dismiss (Docket Entry No. 14) is **GRANTED.**

2.   Petitioner's Motion for Leave of Court for Discovery (Docket Entry No. 16) and Motion for Hearing on Discovery and Leave of Court in Response to Respondent's Opposition (Docket Entry No. 18) are **DENIED.**

3.   The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice.**

4.   A certificate of appealability from this dismissal is **DENIED.**

**SIGNED** at Houston, Texas, on this 7th day of January, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE